Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne C. Richardson, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Mountain Range Restaurants L.L.C., | |
| Defendant. | |

COMES NOW the Plaintiff, Suzanne C. Richardson ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendant, Mountain Range Restaurants, L.L.C. ("Defendant"), and alleges as follows:

1. At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

2. At all material times hereto, Defendant was a corporation duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, AZ.

3. Plaintiff had been an hourly employee for Defendant in Phoenix, Arizona for approximately one year, seven months. Plaintiff was hired on or about approximately May 1,

2012 and ceased employment with Defendant on or about approximately November 30, 2013.

4.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 201, *et seq.*

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## BACKGROUND

7.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) [Section "206(a)"]. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

8.    Defendant owns and/or operates Mountain Range Restaurants, LLC, a franchisee of multiples Denny's restaurants located in Phoenix, Arizona.

9.      Plaintiff was employed as a server by Defendant, and was a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about May 1, 2012 through approximately on or about November 30, 2013.

10.     Rather than pay its tipped employees the applicable State minimum wage, for the time Plaintiff was paid an hourly wage, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

11.     As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

12.     In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiff was paid at the reduced tip credit rate, in willful violation of the FLSA.

13.     In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor unrelated to Plaintiff's tipped occupation, for which Plaintiff was paid at the reduced tip credit rate, in willful violation of the FLSA.

14.     As a result, Plaintiff is entitled to at least the applicable minimum wage for such time worked, without applying the tip credit.

15.     Defendant also regularly and consistently required Plaintiff to clock out yet continue to perform non-tip-earning duties and/or remain on premises in order to avoid incurring excessive and/or overtime labor costs, in willful violation of the FLSA.

16.     Defendant, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

-3-

17.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of defendant.

18.     Plaintiff, in Plaintiff's work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19.     Although at this stage, Plaintiff is unable to state the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

## COUNT I
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

COMES NOW, Plaintiff, Suzanne C. Richardson, individually, stating:

20.     At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

22.     Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

23.     For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

24.     In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor related to Plaintiff tipped occupation in excess of

twenty percent (20%) of shift times for which Plaintiff was paid at the reduced tip credit rate.

25.     Examples of non-tipped labor related to Plaintiff's tipped occupation, which Plaintiff performed, include, but are not limited to: preparatory and workplace maintenance tasks such as working as a hostess, working as a cashier, stocking ice, sweeping floors, stocking food/condiments, refilling condiment caddies, running food to tables for other servers, brewing tea, brewing coffee, checking food temperature, wiping down/washing trays, cleaning soft drink dispenser nozzles, cleaning soda machines, cutting/stocking fruit, washing plates/glasses/silverware, polishing glassware, cleaning menus, cleaning tables, cleaning and de-icing the dessert area, maintaining and stocking the salad bar, restocking the beverage line, and rolling one to two buckets of silverware each shift.

26.     In both policy and practice, Defendant regularly and consistently required Plaintiff to perform such non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%) of Plaintiff's shift times before, during, and after scheduled shifts; while Plaintiff had few or no customers to serve; and after being "cut" from serving Plaintiff's last table. As such, full minimum wage for such time is owed to Plaintiff.

27.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full minimum wage for time spent performing non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

28. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%).

29. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

31. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Suzanne C. Richardson, individually, requests that this Court enter Judgment against Defendant, Mountain Range Restaurants L.L.C., for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## <u>COUNT II</u>
## <u>FAIR LABOR STANDARDS ACT: MINIMUM WAGE</u>

COMES NOW, Plaintiff, Suzanne C. Richardson, individually, stating:

32. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

34.     Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

35.     For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

36.     In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor unrelated to Plaintiff's tipped occupation for which Plaintiff was paid at the reduced tip credit rate.

37.     Examples of non-tipped, "dual occupation," labor, unrelated to Plaintiff's tipped occupation, which Plaintiff performed, include, but are not limited to: taking out trash, scrubbing walls, cleaning the back of the house, vacuuming, labelling all stocked items with applicable expiration dates, deep cleaning all booths, performing labor while the restaurant was closed for renovation,  and dusting.

38.     In both policy and practice, Defendant regularly and consistently required Plaintiff to perform such non-tipped labor unrelated to Plaintiff's tipped occupation before, during, and after scheduled shifts; while Plaintiff had few or no customers to serve; and after being "cut" from serving Plaintiff's last table. As such, full minimum wage for such time is owed to Plaintiff.

39.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full minimum wage for time spent performing non-tipped

labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

40.    Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing non-tipped labor unrelated to Plaintiff's tipped occupation.

41.    Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

42.    Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

43.    Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Suzanne C. Richardson, individually, requests that this Court enter Judgment against Defendant, Mountain Range Restaurants L.L.C. for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT: UNPAID WAGES

COMES NOW, Plaintiff, Suzanne C. Richardson, individually, stating:

44.     At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

46.     Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

47.     Defendant regularly and consistently required Plaintiff clock out yet continue to perform non-tip-earning duties and/or remain on the restaurant premises in order to avoid incurring excessive and/or overtime labor costs.

48.     As a result of Defendant's willful failure to compensate Plaintiff the applicable minimum wage for all hours worked, Defendant violated the FLSA.

49.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full minimum wage for time spent performing non-tipped labor and/or requiring Plaintiff to remain on restaurant premises would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

50.     Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time Defendant required Plaintiff to perform non-tipped labor and/or remain on premises while off the clock.

51.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

53.     Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Suzanne C. Richardson, individually, requests that this Court enter Judgment against Defendant, Mountain Range Restaurants L.L.C. for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 19th Day of June, 2014.

THE BENDAU LAW FIRM, PLLC

By: /s/ Clifford P. Bendau, II
Clifford P. Bendau, II
Attorney for Plaintiff

-10-

1

## CERTIFICATE OF SERVICE

2     I HEREBY CERTIFY that a true and correct copy of the foregoing has been

3 furnished by electronic filing with the Clerk of the Court via CM/ECF system on this 19th

4 Day of June, 2014, which will send notice of electronic filing to all counsel of record.

5     I FURTHER CERTIFY that a true and correct copy of the foregoing has been

6 furnished by First-Class mail on this 19th Day of June, 2014, on the following:

7
        CT Corporation System, as Registered Statutory Agent for
8       Mountain Range Restaurants, L.L.C.
        2390 E. Camelback Rd.
9       Phoenix, AZ 85016

10

11 By:   /s/ Clifford P. Bendau, II
12        Clifford P. Bendau, II
          Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27