# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne Richardson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mountain Range Restaurants LLC,<br><br>　　　　Defendant. | No. CV-14-1370-PHX-SMM<br><br><br><br>**ORDER** |

　　　　Pending before the Court is Defendant's Unopposed Motion for Approval of Settlement Agreement, filed under seal. (Doc. 25.) Defendant has attached a copy of the proposed settlement agreement for the Court's review. The parties jointly seek the Court's approval of the proposed settlement agreement. (Id.)

　　　　Plaintiff is a former food server at a Defendant's "Denny's" restaurant. Under the Fair Labor Standards Act ("FLSA"), Plaintiff brought three claims against Defendant: Counts I and II alleged that she was a tipped employee and that Defendant improperly took the tip credit from her minimum wage. Count III raised an unpaid wage claim, Plaintiff alleging that she worked off the clock yet not paid. The Court granted Defendant's motion to dismiss Counts I and II. (Doc. 14.) Although denying the allegations of Count III, Defendant negotiated with Plaintiff a settlement regarding these allegations. The parties assert that the proposed settlement represents a fair and reasonable compromise of the disputed issues in this case.

　　　　FLSA's provisions are mandatory and "FLSA rights cannot be abridged by contract

1 or otherwise waived because this would nullify the purposes of the statute." Barrentine v.
2 Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (further quotation omitted).
3 Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,
4 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the
5 FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c),
6 the Secretary of Labor is authorized to supervise payment to employees of unpaid wages
7 owing to them. Id. at 1353. The second way is provided in the context of litigation brought
8 directly by employees against their employer pursuant to § 216(b) to recover back wages.
9 Id. When an employee brings a private action for back wages and presents to the district
10 court a proposed settlement, the district court "may enter a stipulated judgment after
11 scrutinizing the settlement for fairness." Id.

12 Generally, district courts do not rule on a private settlement agreement negotiated
13 between the parties in a civil action for damages. However, as stated, because this is an
14 FLSA action against Defendant, the parties must seek approval of their settlement agreement
15 in order to ensure its enforceability. The Court may approve the settlement if it is a fair and
16 reasonable compromise of the issues. See Lynn's, 679 F.2d at 1354.

17 The Court has reviewed the parties' proposed settlement agreement under seal and
18 finds that the settlement does reflect a fair and reasonable resolution of the issues. Therefore,
19 the Court will approve the settlement agreement between the parties.

20 Accordingly,

21 **IT IS HEREBY ORDERED** granting the Defendant's Unopposed Motion for
22 Approval of Settlement Agreement, filed under seal. (Doc. 25.) The Settlement Agreement
23 is approved in all respects. The parties shall file a stipulation to dismiss this case with

24

---

25 [1] While the Ninth Circuit has not specifically addressed this issue, district courts in the
26 Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g.,
Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal.
27 Aug. 11, 2014); Hand v. Dionex Corp., No. CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov.
28 13, 2007).

1 prejudice as soon as practicable but no later than **Friday, September 4, 2015**.

2 DATED this 14th day of August, 2015.

*Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge